IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE SOSEBEE,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. 05 C 0001

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff George Sosebee's ("Sosebee") motion for summary judgment. For the reasons stated below we deny Sosebee's motion for summary judgment and remand the case for further proceedings consistent with this opinion.

# BACKGROUND

Sosebee alleges that he became disabled on January 31, 1994. Sosebee claims that he is disabled because he has back problems, dizzy spells, high blood pressure, migraine headaches, seizures, and trouble walking. (R. 657). On April 17, 1995, Sosebee filed for Disability Insurance Benefits. Sosebee's claim was denied at all administrative levels, including a denial by an administrative law judge ("ALJ"). Sosebee appealed the decision of the ALJ and a district court reversed the ALJ's decision and remanded the case for further proceedings. On remand, another ALJ found that Sosebee was not disabled. In finding Sosebee disabled the ALJ made

1

new findings in regards to Sosebee's Residual Functional Capacity ("RFC"). Sosebee has now appealed the second ALJ's ruling.

## LEGAL STANDARD

A reviewing court will uphold an ALJ's decision if it is supported by "substantial evidence" in the record and the ALJ applied the correct legal standards. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The Seventh Circuit defines "[s]ubstantial evidence" as what a "reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When determining if substantial evidence exists, the court must review the record as a whole, but is not allowed to substitute its judgment for the ALJ's by "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999). Deference should be given to an ALJ's determinations relating to credibility and should be reversed only if the determinations are "patently wrong." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)(quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)). By contrast, the ALJ's legal conclusions are reviewed de novo. *Nelson v. Bowen*, 855 F.2d 503, 506 (7th Cir. 1988); *Aidinovski v. Apfel*, 27 F.Supp.2d 1097, 1101 (N.D. Ill. 1998). An ALJ must provide some explanation that would allow the parties to understand his reasoning for his decision. *See Clifford*, 227 F.3d at 872 (stating that "[w]hile the ALJ is not required to address every piece of evidence, he must articulate some legitimate reason for his decision. . . [and] he must build an accurate and logical bridge from the evidence to his conclusion").

## DISCUSSION

The Commissioner of the Social Security Administration employs a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f); *Rice v. Barnhart*, 384 F.3d 363, 365 (7th Cir. 2004). In the first two steps the ALJ determines "whether a claimant is not presently working, and second, whether the complained of impairment(s) are of the required duration and significantly limit the claimant's ability to work." *Id.*; 20 C.F.R. §§ 404.1520(a)-(c), 416.920(a)-(c). In step three the ALJ compares evidence of impairments with "a list of impairments presumed severe enough to preclude any gainful work." *Rice*, 384 F.3d at 365; 20 C.F.R. pt. 404, subpt. P, App. 1. If the claimant's impairment "meets or equals one of the listed impairments, the claimant qualifies for benefits and no further inquiry is necessary." *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(d), 416.920(d). However, if the claimant's impairment is not sufficient under step three, the ALJ proceeds on to steps four and five. *Rice*, 384 F.3d at 365. In the final steps of the analysis, the ALJ determines whether the "claimant's residual functional capacity," which is defined as the tasks "a claimant can still do, despite his or her limitations," *Id.* at n.1; 20 C.F.R. § 404.1545(a), "will allow the claimant to pursue her past work." *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant's impairment "precludes the performance of past work, the claimant's RFC, age, education, and work experience are considered to determine if other work exists that would accommodate the claimant." *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(f), 416.920(f). In the instant action, the ALJ found that none of Sosebee's impairments were equivalent to any listed impairments and concluded that Sosebee could perform work as a ticket taker, account clerk, and order clerk.

## I. Vocational Expert Questioning

Sosebee argues that the ALJ erred by not asking the vocational expert whether the information that she provided was consistent with the Directory of Occupational Titles. Defendant indicates in its answer to the instant motion, that it agrees with Sosebee's argument and concedes that "this error warrants remand." (Ans. 3-4). We agree that the ALJ erred in this regard and that a remand is appropriate to address this issue.

## II. Law of the Case Doctrine

Sosebee argues that the ALJ erred by failing to follow the law of the case doctrine. The law of the case doctrine requires "the trial court to conform any further proceedings on remand to the principles set forth in the appellate opinion unless there is a compelling reason to depart." *Law v. Medco Research, Inc.*, 113 F.3d 781, 783 (7th Cir. 1997). This doctrine is applicable to judicial review of administrative decisions. *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991). However, previous determinations are not relevant and need not be applied if: "(1) substantial new evidence introduced after the first review, (2) a decision of the Supreme Court after the first review, [or] (3) a conviction on the part of the second reviewing court that the decision of the first was clearly erroneous." *Key*, 925 F.2d at 1060 (citing *Chicago & North Western Transportation Co. v. United States*, 574 F.2d 926, 930 (7th Cir.1978).

Sosebee argues that on his first appeal to the district court, the district court remanded the case to the ALJ with specific limited instructions and that the district court affirmed the ALJ's finding that Sosebee had an RFC for a restricted range of sedentary work. Sosebee claims that the ALJ ignored the law of the case doctrine

4

when, on remand, the ALJ took it upon himself to change Sosebee's RFC to light work. The law of the case doctrine does not prohibit an alteration of findings if "substantial new evidence [is] introduced after the first review." *Key*, 925 F.2d at 1060. Defendant argues that the ALJ revisited the RFC issue because he was presented with substantial new evidence. The ALJ acknowledged at the beginning of his decision that the case was remanded by the district court "for more precise findings on the length of time claimant can sit and stand in order to assess the number of jobs within his residual functional capacity that included a need for work with a sit/stand option." (AR 456). However, despite the recognition of the limited purpose for the remand the ALJ decided to re-evaluate the RFC issue. The ALJ began his evaluation of the evidence by stating that "claimant's situation differs significantly from how it would have appeared to the District Court when it remanded the case on January 4, 2002, given claimant have started a three-year period of substantial gainful activity in mid-1998." (AR 457). The ALJ also found that Sosebee's "extended period of work activity also has some relevance in assessing the severity of his impairments prior thereto . . . ." (AR 457). The ALJ noted that there was an opinion in the record of a physician indicating that Sosebee's impairments were such that the prior RFC was correct, but that "the opinion is belied by claimant's subsequent sustained 3-year period of employment." (AR 460). However, there was not substantial new relevant evidence that Sosebee was disabled simply because he admitted to employment. The ALJ did not point to new medical evidence that warranted an alteration of the RFC finding. Defendant acknowledges such lack of new evidence and attempts to diminish this point by arguing that Sosebee's employment "put the medical evidence in a new context. . . ." (Ans. SJ 10). However, the mere fact that Sosebee was working full time was not necessarily inconsistent with the prior finding of a sedentary work RFC or a finding of a disability. *See Henderson v. Barnhart*, 349 F.3d 434, 436 (7th Cir. 2003)(stating that

"the fact that a person holds down a job doesn't prove that he isn't disabled, because he may have a careless or indulgent employer or be working beyond his capacity out of desperation."). Thus, the fact that Sosebee was able to be employed does not mean that he was capable of doing the job or was doing the job well or was not unduly suffering out of desperation.

In fact, after the remand, Sosebee testified that he was having problems performing his jobs, but forced himself to keep working. Sosebee testified that he worked as a security guard for fifteen months, but that the job ended when he had to go on short term leave because he was having seizures and was having problems with his balance and with walking. (AR 652). Sosebee's step-daughter testified that she had lost her job and that Sosebee took on the security guard job because "they needed to survive." (AR 666). She also testified that Sosebee was falling at work due to seizures. (AR 666). Further, she testified that when Sosebee would come home from his jobs he would complain of back pain, and would drag his feet. (667). Thus, the ALJ clearly erred in deciding to reopen his inquiry concerning Sosebee's RFC, based upon the mere fact that Sosebee had been employed since the last ALJ decision. This conclusion is also consistent with the general rule that upon remand, if a court or body is given limited instructions on remand, the court or body should limit its further inquiry to the instructions accompanying the order of remand. *See e.g. Moore v. Anderson*, 222 F.3d 280, 283-84 (7th Cir. 2000)(stating that a lower court must comply "with the express or implied rulings of the appellate court," and can only revisit an issue if the issue is within the "compass" of the mandate."). In the instant action, the district court that remanded this action specifically instructed the ALJ to: 1) address the frequency of Sosebee's sit/stand needs and 2) determine what sedentary jobs are available in the national economy for a person with Sosebee's transferable skills and RFC. The ALJ acknowledges this fact at the beginning of his decision. (456). Thus, the RFC issue was not challenged by

6

Defendant on appeal, it was not addressed by the district court, and the ALJ clearly erred in revisiting the issue.

On remand the ALJ did address Sosebee's sit/stand needs as the ALJ was ordered to do by the district court, and the ALJ concluded that Sosebee needs to alternate between sitting and standing in 15 to 30 minute intervals. (AR 463). The ALJ concluded however, that Sosebee could perform the job of a ticket taker, account clerk, and order clerk, but the ALJ concluded such because of his new finding that Sosebee's RFC should be changed to light work. (AR 463-64). Since the RFC was improperly altered, the conclusion that Sosebee could perform certain jobs based upon the altered RFC was also clearly in error. In addition, we note that the ALJ's finding regarding Sosebee's sit/stand requirements was not consistent with the ALJ's conclusions that Sosebee could perform light work and that Sosebee could perform certain jobs. *See e.g. DeFrancesco v. Bowen*, 867 F.2d 1040, 1044-45 (7th Cir. 1989)(asking in the hypothetical whether if the claimant "were working on an assembly line, would his boss let him sit down every five or ten minutes?" and stating that such a result "seems unlikely" and that the "essential question" regarding actual light work was not focused upon).

III. Credibility Determinations

Sosebee argues that the ALJ erred in evaluating the credibility of Sosebee's testimony regarding his alleged symptoms of pain by failing to consider the relevant factors outlined in SSR 96-7p. An ALJ's credibility determination is entitled to substantial deference and "there has developed a firm and tenable rule of law 'that an ALJ's credibility determination will not be disturbed unless it is "patently wrong."' *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004)(quoting *Cannon v. Apfel*, 213 F.3d 970, 977 (7th Cir. 2000)). When assessing a claimant's credibility,

7

the ALJ must comply with the specific requirements set forth in SSR 96-7p. *Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003). However, when evaluating a claimant's "description of symptoms, the evaluation must contain 'specific reasons' for a credibility finding, the ALJ may not simply 'recite the factors that are described in the regulations." *Steele v. Barnhart*, 290 F.3d 936, 942-43 (7th Cir. 2002)(quoting SSR 96-7p)(stating that "[w]ithout an adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony was weighed"). When the ALJ assesses an applicant's credibility, the ALJ must take into consideration "the entire case record, including the objective medical evidence, the individual's own statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004). If there is an absence of objective medical evidence to support an applicant's asserted symptoms, the ALJ evaluates the effects of the complained symptoms on the individual's functional ability to work, taking into account the claimant's daily activities including the duration, frequency, and intensity of pain, the dosage, effectiveness, and side effects of medication, and functional restrictions. *Id.* at 703. However, the ALJ must consider all relevant medical evidence, cannot substitute his expertise for that of a qualified physician, and cannot simply disregard the medical conclusions of a qualified physician. *Dotson v. Peabody Coal Co.*, 846 F.2d 1134, 1137 (7th Cir. 1988).

In the instant action, the ALJ notes that the objective medical evidence is inconclusive in establishing the severity of pain to which Sosebee testified. Specifically, the ALJ found that Sosebee's hypertension was under good control without evidence of end organ damages. (AR 458). As to Sosebee's claims of low back pain, the ALJ noted that only mild degenerative disc disease was seen on the x-ray and mild spinal stenosis on the MRI, warranting only conservative treatment

with medication and physical therapy. (AR 458). Sosebee contends that the ALJ substituted his own judgment for a medical opinion in reaching this conclusion. We disagree. Drawing inferences from the evidence is part of an ALJ's role as fact finder. *Smith v. Director, OWCP*, 843 F.2d 1053, 1057 (7th Cir.1988). Moreover, in this case, the ALJ considered all the medical opinions, did not substitute his opinion for the expertise of a qualified physician, and did not disregard the medical conclusions of a qualified physician. Rather, the ALJ weighed the relevant medical evidence, including examinations by several of Sosebee's treating physicians, and determinated that Sosebee's impairments were not severe enough to warrant a determination of a disability.

Sosebee also argues that the ALJ did not correctly weigh the testimony of several of the physicians, such as Dr. Kellen and Dr. Hamilton. Sosebee's argument is not persuasive. First, an ALJ may place less emphasis on portions of a doctor's report that are based only on an applicant's own statements about functional restrictions. *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). In this case, the ALJ found that Dr. Kellen's one-time examination was based more upon Sosebee's representations than objective findings. (AR 459). Second, the ALJ noted that Dr. Kellen's opinion was contradicted by Sosebee's treating physician, Dr. Miller. (AR 459). Thus, there was no error on the part of the ALJ in discounting the opinion of Dr. Kellen. As to Dr. Hamilton's testimony, Sosebee requests that this court re-examine the evidence presented at the hearing. We decline to do so. In reviewing the ALJ's decision and determining whether substantial evidence exists to support the decision, "the court reviews the record as a whole but is not allowed to substitute its judgment for the ALJ's 'by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility.'" *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000)(quoting *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999)). Sosebee contends that the ALJ improperly assessed the types of

9

medications without considering the entire picture, and that there is no case law requiring the ALJ to specifically note each factor in the decision. The ALJ consider the entire case record in accordance with 96-7p when formulating the end decision. *Scheck*, 357 F.3d at 702-03. In the instant case, there is no evidence to suggest that the ALJ ignored these responsibilities. Thus, we conclude that the ALJ's credibility determinations were not patently wrong, were supported by substantial evidence, and contained sufficiently clear and detailed reasoning.

IV. Alcohol Usage

Sosebee argues that the ALJ erred by speculating on the effects of Sosebee's alcoholism. Sosebee correctly points out that a diagnosis of alcoholism should not have an adverse effect on a disability evaluation of an applicant. SSR 82-60. However, alcoholism can be a determining factor in a refusal to award benefits if it is found that the impairments stemmed from the use of alcohol. 20 C.F.R.§ 404.1535. The ALJ should consider whether a claimant would be found to be disabled if he "stopped using drugs or alcohol" and "[i]n making this determination, [the reviewer should] evaluate which of the claimant's current physical and mental limitations, upon which [the reviewer] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R.§ 404.1535(b). The ALJ discussed the fact that Sosebee did not work after he was laid off. (AR 459). The ALJ stated that "[a]s there is no evidence of a significant deterioration in claimant's medical condition after that layoff and as he subsequently returned to sustained substantial gainful activity, a reasonable inference, as suggested by the medical evidence, is that alcoholism was the reason he was not working." (AR 459).

10

We agree with Sosebee that in forming such a conclusion, the ALJ was speculating in the absence of supporting medical testimony. Sosebee claimed to have stopped drinking alcohol at certain points and there is medical evidence to support his contentions. (AR 116-17, 123, 132, 153, 228, 272, 277-78 ). There is an absence of evidence to support the ALJ's findings concerning Sosebee's alcohol usage or its impact upon Sosebee's medical conditions and his ability to work. The ALJ also did not correctly state the evidence in his decision in this regard. The ALJ specifically referred to the testimony of Sosebee's step-daughter stating that she testified that "claimant's seizures occur only when he is drinking. . . ." (AR 458). As is indicated above, she testified that Sosebee had seizures during his work as a security guard in 1998. (AR 666). There is no indication by Sosebee's step-daughter that Sosebee was drinking at that time. Sosebee's step-daughter in fact testified that she thought that the consumption of alcohol by Sosebee actually acted as a sort of medication and stopped Sosebee from having seizures. (AR 670). Therefore, the ALJ clearly erred in concluding that Sosebee's step-daughter testified that Sosebee only had seizures when he was drinking. The ALJ thus clearly erred in regards to the inferences drawn from Sosebee's alcohol usage and the impact his medical conditions had on his employment. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)(warning administrative law judges that "[t]he Commissioner's determination must be based on testimony and medical evidence in the record" and that "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.").

## V. Order of Award of Benefits

Sosebee urges the court to find that he is disabled as a matter of law and to remand this action with an order that Sosebee's application for benefits be granted.

11

Sosebee cites *Wilder v. Apfel*, 153 F.3d 799 (7th Cir. 1998), for the proposition that Defendant "is not entitled to endless opportunities to get it right, and a court may step in and award benefits when the agency has displayed 'obduracy' in complying with the law of the case." (Mem. 5). Sosebee also cites a Ninth Circuit case that is not controlling precedent in this action. (Reply 3). We do not find that the ALJ's decision was contrary to the law and prior ruling of the district court to the extent that the ALJ's decision should be deemed obdurate. There are various issues that should be addressed by the ALJ on remand such as, for example, whether the information that the vocational expert provided was consistent with the Directory of Occupational Titles. The ALJ should also address any conflicts. The record is not such that we can rule at this juncture that Sosebee is entitled to an award of benefits as a matter of law. Thus, we conclude that a remand for further review consistent with the above opinion is the appropriate course.

## CONCLUSION

Based on the foregoing analysis, we deny Sosebee's motion for summary judgment and remand this action for further review by the ALJ consistent with the above opinion.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 16, 2005