# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE SOSEBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 0001 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff George Sosebee's ("Sosebee") motion for reconsideration. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Sosebee alleges that he became disabled on January 31, 1994. Sosebee claims that he is disabled because he has back problems, dizzy spells, high blood pressure, migraine headaches, seizures, and trouble walking. (R. 657). On April 17, 1995, Sosebee filed for Disability Insurance Benefits. Sosebee's claim was denied at all administrative levels, including a denial by an administrative law judge ("ALJ"). Sosebee appealed the decision of the ALJ and a district court reversed the ALJ's decision and remanded the case for further proceedings. On remand, another ALJ found that Sosebee was not disabled. In finding Sosebee not disabled, the second

1

ALJ made new findings in regard to Sosebee's Residual Functional Capacity ("RFC"). Sosebee appealed the second ALJ's ruling to this court. On September 16, 2005, we found that the second ALJ had erred in his ruling, remanded the instant action to the ALJ and denied Sosebee's motion for summary judgment. Sosebee now requests that the court reconsider its September 16, 2005, ruling and argues that the court should have reversed the ALJ rather than remanding the instant action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Sosebee argues that the court should have reversed the second ALJ and granted judgment in his favor, instead of remanding this action back to the ALJ. A district court reviewing an ALJ's decision should award benefits as opposed to a remand to the ALJ "only if all factual issues have been resolved and the record supports a finding of disability." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). In our prior ruling, we noted that in the prior appeal of the instant action, the district court remanded this matter to the ALJ and specifically instructed the ALJ to: 1) address the frequency of Sosebee's sit/stand needs, and 2) determine what sedentary jobs are available in the national economy for a person with Sosebee's transferable skills and RFC. (OP 9/16/05 6). Sosebee argues that he is entitled to an award of benefits because the vocational expert ("VE") testified that "if an individual can only sit or stand for 15 to 30 minutes at a time before switching, then it erodes the job base and there would not be a significant number of jobs available." (Recon. 3). We do not agree that the testimony of the VE in the record is sufficient to warrant a finding in Sosebee's favor. A complete record will be formed by the ALJ once the VE is questioned in a comprehensive fashion in light of this court's prior ruling. As we stated in our prior ruling, there are various issues that should be addressed by the ALJ on remand such as, for example, whether the information that the vocational expert provided was consistent with the Directory of Occupational Titles. The record is not such that we can rule at this juncture that Sosebee is entitled to an award of benefits as a matter of law. Sosebee has not shown that the court erred in its prior ruling. Although Sosebee would prefer to

have benefits awarded immediately to him, we cannot allow him to bypass the orderly procedures for resolving his benefits request. Also, even though we found in our prior ruling that the ALJ had erred in certain respects, we do not agree with Sosebee that the record demands that he automatically be awarded benefits. There are still some unresolved factual issues and material loose ends that need to be resolved by the ALJ before a benefits award determination can be made. Sosebee must next proceed before the ALJ, who will resolve all remaining factual ambiguities. Therefore, we deny Sosebee's motion for reconsideration.

We note, however, that this matter has been before an ALJ twice already and has already warranted a remand on two occasions due to errors made by the ALJs. On remand, the ALJ is ordered to follow this court's ruling to the letter and the ALJ is warned that if on remand the ALJ opens resolved issues or starts down new avenues of inquiry that cause further unnecessary delay in this case, on a subsequent appeal this court will take appropriate action.

## CONCLUSION

Based on the foregoing analysis, we deny Sosebee's motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 9, 2005

4