IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE SOSEBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 0001 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff George Sosebee's ("Sosebee") motion for attorney's fees. For the reasons stated below, we deny the motion for attorney's fees.

# BACKGROUND

In April 1995, Sosebee applied for social security disability benefits alleging that he has back problems, dizzy spells, high blood pressure, migraine headaches, seizures, and trouble walking. Sosebee's application was denied at all administrative levels, including by an administrative law judge ("ALJ"). Sosebee appealed the ALJ's decision, and a district court reversed the ALJ's decision and remanded the case for further proceedings. On remand, another ALJ found that Sosebee was not disabled and he appealed the decision to this court. On December 9, 2005, we

1

remanded the case again for further proceedings. Sosebee now requests an award of $21,385.71 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## LEGAL STANDARD

A Social Security claimant who has prevailed before a district court may seek attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A). In order to recover fees, the claimant must show that: 1) that the claimant is a prevailing party, 2) the position taken by the government was not "'substantially justified,'" 3) that there are no "'special circumstances [that] make an award unjust,'" and, 4) that the fee application was submitted in a timely fashion." *Cummings v. Sullivan*, 950 F.2d 492, 494-95 (7th Cir. 1991)(quoting in part *Commissioner, I.N.S. v. Jean,* 496 U.S. 154 (1990)).

## DISCUSSION

As we noted in our ruling on Sosebee's motion for summary judgment on September 16, 2005, Defendant conceded that there was an error made by the ALJ, and Defendant requested a remand. (Ans. SJ 3-4). Sosebee sought a judicial award of benefits rather than a remand, but we concluded that a remand was appropriate. Defendant has acknowledged the error by the ALJ and Defendant concedes that the ALJ's decision was not substantially justified. Defendant argues, however, that Sosebee has not shown that he is eligible for a fee award.

A party requesting attorney's fees under the EAJA is required to "submit to

the court an application for fees . . . which shows that the party . . . is eligible to receive an award . . . ." 28 U.S.C. § 2412(d)(1)(B). A party is eligible only if his net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). In the instant action, Sosebee has not provided the court with evidence concerning his net worth at the time in question. In Sosebee's reply, he still fails to provide evidence concerning his net worth and instead argues that his net worth can be implied from the administrative record. Sosebee points, for instance, to portions of the record that indicate that he could not afford to continue to pay a particular doctor in 1995, and that he did not have health care benefits during certain periods. He also points to the portion of the record where he testified that he returned to work for a period in 1998 because he needed money, and points out that he lives in an apartment. We need not attempt to draw inferences concerning Sosebee's net worth from the evidence contained in the administrative record because the EAJA clearly provides that an applicant has an obligation to show that he is eligible for attorney's fees. Nothing in the EAJA authorizes a court to speculate regarding an applicant's net worth based upon the administrative record and we would be engaging in such speculation if we attempted to assess Sosebee's net worth based on facts such as that he lived in an apartment instead of a house. Sosebee has not provided the court with documentation concerning his net worth and he has not shown why he was unable to do so. Therefore, Sosebee has not shown that he is eligible for an award of attorney's fees under the EAJA and we deny Sosebee's motion for attorney's fees.

## CONCLUSION

Based on the foregoing analysis, we deny Sosebee's motion for attorney's fees.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 28, 2006