IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE SOSEBEE, )
)
      Plaintiff, )
)
v. ) No. 05 C 0001
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff George Sosebee's ("Sosebee") motion for reconsideration. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

On April 17, 1995, Sosebee filed for Disability Insurance Benefits with Defendant and his application was denied on all administrative levels. The case was appealed to a district court and then remanded to Defendant for further proceedings. After further proceedings, which included a hearing ("Hearing") before an Administrative Law Judge ("ALJ"), Sosebee appealed Defendant's decisions to this court. On September 16, 2005, we remanded the instant action to the ALJ and on March 9, 2006, Sosebee, as the prevailing party, filed a motion for attorneys' fees

1

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On April 28, 2006, we denied the motion for attorneys' fees and Sosebee now requests that the court reconsider that ruling.

## DISCUSSION

We denied Sosebee's motion for attorneys' fees because a party requesting attorneys' fees under the EAJA is required to "submit to the court an application for fees . . . which shows that the party . . . is eligible to receive an award . . . ." 28 U.S.C. § 2412(d)(1)(B). A party is eligible only if, among other things, his net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i). Sosebee failed to indicate his net worth in his motion for attorneys' fees and Defendant argued that his motion should be denied due to the omission. Sosebee, in his reply brief, still failed to indicate his net worth or provide new information, and instead argued vaguely that his net worth could be estimated based on inferences drawn from facts already in the record that were brought out at the Hearing. For example, Sosebee argued that the court could estimate his net worth by the fact that he testified at the Hearing that he lived in an apartment. (Reply Mot. Fees 2). We denied Sosebee's motion for attorneys' fees because he was put on notice of Defendant's position that Sosebee had failed to establish his eligibility for attorneys' fees and Sosebee failed to remedy that deficiency in his reply brief. We concluded that it would be pure speculation to estimate Sosebee's net worth based solely on inferences drawn from isolated statements made before the ALJ that were not made in a context relating to a determination of Sosebee's net

worth.

I. Basis For Motion

Sosebee does not clearly specify which Federal Rule of Civil Procedure is the basis for the instant motion. Sosebee initially asserts in his motion for reconsideration and his memorandum in support of the motion that the motion is brought pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). (Mot. 1; Mem. 1). However, in Sosebee's reply brief, he indicates for the first time that he can prevail under the excusable neglect provision of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and that a "Rule 60(b) motion is appropriate here . . . ." (Reply 10). Rule 59(e) and Rule 60(b) are distinct Federal Rules of Civil Procedure and there are separate requirements under each rule. The court cannot, as Sosebee proposes, engage in a vague combined analysis of both rules in assessing the merits of Sosebee's motion for reconsideration and we will, therefore, address each rule in turn.

II. Rule 59(e)

A court may grant a motion for reconsideration under Rule 59(e) only if the movant: 1) "direct[s] the district court's attention to newly discovered material evidence," or 2) "points to evidence in the record that clearly establishes a manifest error of law or fact." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996); *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006)(quoting *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996)). A Rule 59(e) motion

3

cannot be used as a means to "advance arguments or theories" or "introduce new evidence . . . that could and should have been presented to the district court prior to the judgment." *County of McHenry*, 438 F.3d at 819 (quoting *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263 (7th Cir. 1995)); *Moro,* 91 F.3d at 876.

### A. Newly Discovered Evidence

In the instant action, Sosebee has not pointed to any newly discovered evidence. He acknowledges that he possessed his financial information prior to filing his motion for attorneys' fees and contends that he "inadvertently omitted to allege his net worth" and his failure to include the information was merely a "clerical error." (Mem. 2-3; Reply 5). Sosebee also contends that he did not present evidence concerning his net worth because he did not believe that it was necessary. (Reply 1-3). Thus, Sosebee has not pointed to any newly discovered evidence that would enable him to prevail on a Rule 59(e) motion and have the court revisit its prior ruling.

### B. Manifest Error

Sosebee has also not pointed to any evidence that shows that the court made an error of law or fact. The court ruled based upon the information presented by Sosebee and Defendant, which did not include detailed facts concerning his net worth or even a minimal amount of evidence regarding his net worth. Even after being put on notice of the contested issue by Defendant, Sosebee merely responded that the court should make various assumptions based on the record before the ALJ.

4

Thus, Sosebee has failed to present the required evidence to establish that the court committed any error of law or fact. The court considered the evidence before it and made a ruling based upon the evidence submitted.

Sosebee argues that he did not realize that "more than an allegation is necessary" to establish his net worth for the purposes of eligibility. (Reply 3). However, Sosebee did not even provide the court with an allegation of his net worth. He admits that he did not address the issue and that it was an inadvertent clerical error. Sosebee failed to address the issue in his motion for attorneys' fees and then failed to even provide an alleged figure or specific facts concerning his net worth in his reply. Instead, he vaguely pointed to statements made before the ALJ and requested that the court engage in some sort of speculative socio-economic analysis of his net worth based on facts about Sosebee that were mentioned at the Hearing. We also note that 28 U.S.C. § 2412(d)(1)(B) states that an applicant must provide information "which shows" that he is eligible to receive attorneys' fees, which indicates that a movant must provide the court at least some minimal form of evidentiary support, if even through a signed affidavit. 28 U.S.C. § 2412(d)(1)(B). Sosebee sought in his motion for attorneys' fees to have the court evaluate the merits of his request for attorneys' fees and Defendants challenged that Sosebee had not shown himself to be eligible. Thus, Sosebee's assumption that mere allegations would suffice was improper.

Sosebee also argues that the information he provided in his motion for attorneys' fees was proper "according to case law and typical practice." (Reply 1). However, Sosebee cites no controlling case law that indicates that the evidence that he presented to show his eligibility for attorneys' fees was adequate. Sosebee

contends that "it is the standard practice" of Defendant not to object to the mere offer of allegations to support an applicant's eligibility for attorneys' fees. (Reply 1).

First, Sosebee's broad statements about Defendant's "standard practice" are completely unsubstantiated.

Second, Defendant's practices in other cases are irrelevant to the instant action. Sosebee's counsel makes reference to dealings that counsel allegedly had with Defendant "in prior cases," stating that the showing made by Sosebee in the current action "has been sufficient in all other cases" and that Sosebee's counsel has "frequently settle[d] without any reference whatsoever to [a plaintiff's] net worth." (Reply 1-2, 11). Sosebee's counsel also asserts that he has not alleged the net worth of his clients in "prior cases," that Defendant "has never brought it to [his] attention," and that Sosebee's counsel simply follows the required showing that Defendant usually "accepts as sufficient under the statute." (Reply 10-11). However, Defendant cannot determine as a matter of law what is "sufficient" under the statute and whatever occurred in other cases being handled by Sosebee's counsel is not dispositive for the purposes of the instant motion and the instant action.

Third, even if Sosebee is correct about other cases in which his counsel dealt with Defendant, Defendant, in this case, did in fact object to Sosebee's showing in regard to his eligibility. Defendant specifically objected in its answer to Sosebee's motion for attorneys' fees and Defendant continues to object in its answer to Sosebee's motion for reconsideration. Sosebee argues that his failure to provide his net worth was a clerical error and inadvertent, but Defendant specifically pointed out the error in its answer to Sosebee's motion for attorneys' fees and Sosebee still failed

to rectify the omission in his reply brief. Thus, Sosebee has failed to show that the court made a manifest error in its prior ruling.

### C. Arguments and Evidence that Could Have Been Presented Earlier

As the law above clearly states, Rule 59(e) cannot be used to present arguments or evidence that could have been presented earlier. Sosebee provides a variety of reasons in his briefs concerning why he did not believe that he needed to provide details concerning his net worth. However, nowhere does Sosebee provide any explanation for why he could not have presented the information to the court earlier. Sosebee also makes general pleas to the court to reconsider its ruling based on fairness. However, the law is clear regarding the limited bases upon which a court can grant a Rule 59(e) motion and that a motion that "advances no grounds to support Rule 59(e) relief" and is merely a "plea for the district court to excuse [the plaintiff's] neglect" cannot be granted. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Sosebee had his day in court and was given an opportunity to present his request for attorneys' fees. Defendant correctly pointed out that Sosebee had not shown that he meets the eligibility requirements for attorneys' fees and that Sosebee has not provided a valid basis upon which to proceed under Rule 59(e). Sosebee cannot under the law now seek to remedy the situation with a general plea. *See, e.g., id.* (stating that "Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures'")(quoting in part *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)). Therefore, based on the above, Sosebee has not pointed to any valid basis upon which Sosebee could proceed under Rule 59(e) and we deny the motion to the extent that it is based upon

Rule 59(e).

III. Rule 60(b)

Rule 60(b) offers a movant a vehicle by which to seek an amendment of a final judgment on several specific bases. Fed. R. Civ. P. 60(b). The relief sought under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997)). As we indicated above, Sosebee failed to make any mention of Rule 60(b) in his motion for reconsideration or the supporting memorandum and instead specifically indicated that the motion was being brought pursuant to Rule 59(e). (Mot 1; Mem. 1). Sosebee argued for the first time in his reply brief that he is proceeding under Rule 60(b) and that the court should find "excusable neglect" under Rule 60(b). (Reply 10). However, a party cannot introduce new arguments for the first time in its reply brief and thereby avoid giving the opposing side an opportunity to respond to the arguments. *See Aliwoli v. Gilmore,* 127 F.3d 632, 635 (7th Cir. 1997)(quoting *United States v. Feinberg,* 89 F.3d 333, 340-41 (7th Cir. 1996) for the statement that "[t]he reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court"); *Weizeorick v. ABN AMRO Mortgage Group, Inc.,* 2004 WL 1880008, at *2 (N.D. Ill. 2004)(holding that "[i]t is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond"). Therefore, to the extent that Sosebee seeks to proceed under Rule 60(b), the motion for reconsideration is denied due to Sosebee's failure to present the arguments in the

initial motion and memorandum.

> We also note that even if Sosebee had presented his arguments concerning Rule 60(b) in a timely fashion, Sosebee has not shown that the court should alter its ruling under Rule 60(b). The motion for reconsideration was filed within ten business days of the entry of the denial of the motion for attorneys' fees and thus Rule 60(b) is not applicable. *See Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995)(stating that the plaintiff's Rule 60(b) motion that was filed within 10 business days "must be characterized as a motion to reconsider under Rule 59(e)"). In regard to the bases for relief under Rule 60(b), Sosebee argues that his failure to present the information concerning his net worth was "excusable neglect," which is one of the bases for granting a Rule 60(b) motion. Fed. R. Civ. P. 60(b). However, as is explained above, Sosebee was put on notice of his alleged inadvertent omission by Defendant's answer to Sosebee's motion for attorneys' fees. Sosebee did not rectify the error by providing the necessary information, but instead admits that he merely proceeded onward by pointing to the record of the Hearing that was already part of the court's record and his counsel admits that counsel was simply relying on his experience in dealing with Defendant in other cases with other clients. Such a situation cannot be considered excusable neglect and cannot be deemed to be the type of extraordinary circumstances that the Seventh Circuit has indicated would justify granting a Rule 60(b) motion. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (stating that "inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant"). Therefore, based on all of the above, we deny Sosebee's motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Sosebee's motion for reconsideration.

```
                                    _____
                                    Samuel Der-Yeghiayan
                                    United States District Court Judge
```

Dated:   June 27, 2006